STATE OF CONNECTICUT *v.* RONALD A. RANDALL

Decided October 7, 1958

*Hyman Holtman,* for the defendant.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. The defendant, age seventeen, was permitted to plead guilty to manslaughter although he had been indicted for second degree murder. On June 28, 1956, he was sentenced to state prison for a term of not less than eight nor more than twelve years.

On May 13, 1956, the defendant and four other young men went to Lake Compounce in Meriden for some entertainment. While there, they split up and spent the afternoon in various activities at the resort. On the same day one Darrell Hotham, the victim, and one Richard King were also at the lake.

Both men had been drinking to some extent. At the time, both groups of men were looking for trouble and picking a fight. After a representative from each group engaged in a fight, it spread to include the members of both groups. When the defendant pulled a gun, Hotham dared him to shoot. The defendant shot Hotham through the left leg. As Hotham advanced toward the defendant, the latter shot him in the chest, causing his death. The gun used by the defendant was an old style .22 caliber Derringer pistol which, because of a broken trigger mechanism, required that the hammer be pulled back and allowed to fall in order to discharge the cartridge. After each shot fired, it would be necessary to break the pistol open in order to insert a new cartridge. Having fled thereafter, the defendant was apprehended in Ohio on May 16, 1956.

The prior record of the defendant showed the following:

In 1954, the defendant became involved with a group of boys for theft from a store where a small amount of money was taken. A number of other breaks connected with the group of boys at that time did not involve the defendant. He was placed on unofficial probation.

In December, 1954, the defendant became involved in a breaking and entering and theft from a residence in which the property removed, consisting of jewelry, field glasses and bonds, was valued at over $4000. He was committed to the Connecticut school for boys, with execution suspended, and placed on probation, from which he was discharged on June 30, 1955.

The state's attorney classified the defendant as "wise guy" and a "little gangster." Defense counsel stressed the fact that the defendant had acted in self defense, as to which some support appears in

the presentence investigation report. The defendant claims that his sentence is too severe, and that a commitment for a much shorter period of time to the reformatory would be sufficient.

The prevention of a repetition of a crime by a defendant is not the only aim of sentencing; the deterrence of such conduct on the part of others is no less a goal to be desired in the paramount right of the public to be protected against crimes threatening high social and personal injury. In the present case, notwithstanding that the defendant's previous delinquent record was as a juvenile, it is significant in revealing a persistent antisocial attitude. The previous corrective treatment, including probation, did not have its desired effect. He continued in evil association with unconventional social attitudes and outlook. On the occasion in question, he had a gun. The defendant had seen Hotham beat up one of the other men, yet he did not withdraw or leave when the opportunity was available, but continued to carry on as a member of his group until circumstances led to the tragedy. The trial court mentioned the need of society's being protected from such gang fights, by means intended to deter others, of similar inclination, having "false ideas of what they construe to be right and wrong." The taking of a life without warrant or justification is a high crime.

In view of the persistent antisocial attitude of the defendant, the gradually mounting gravity of his delinquent conduct, the need of protecting the public from the defendant and others who are governed by such abnormal social standards of conduct, and because of the tragic consequences of the episode, the sentence imposed in this case appears proper and appropriate and should stand.

Thim, Ryan and Pastore, Js., participated in this decision.